(10 Misc. Rep. 366.)

### BRADLEY–CURRIER CO., Limited, v. LALLY.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

REARGUMENT—AFTER ENTRY OF JUDGMENT ON REMITTITUR.

> After remittitur filed in the court below, and judgment entered thereon and paid, the general term of the common pleas has no jurisdiction to entertain a motion for reargument of an appeal from the city court.

(Syllabus by the Court.)

Motion for reargument. Denied.

For decision on appeal, see 22 N. Y. Supp. 1131.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

George F. Alexander, for the motion.

Theo. H. Friend, opposed.

PRYOR, J. The remittitur has been filed in the court below, the judgment of this court has been made the judgment of that, and the appellant has acquiesced in the decision of the appeal by payment of the judgment. It is therefore an insuperable obstacle to the motion that we no longer have jurisdiction of the cause. Jones v. Anderson, 71 N. Y. 599; People v. Village of Nelliston, 79 N. Y. 638. The reason urged for the motion, namely, that since our decision the court of appeals has enunciated the principle for which the plaintiff contends, if accepted as ground for a reargument, would be equally

valid at any period, however remote from the determination of the appeal. It had been understood to be the law of this state that a secret advantage secured by a creditor nullifies a composition agreement as to him; but in June, 1894, the court of appeals established the contrary doctrine. May the countless creditors who in the past have lost by operation of the superseded principle now reassert their rights under the new adjudication? "Expedit reipublicae ut sit finis litium." A retrospective statute affecting vested rights is void (1 Kent, Comm. 455), and of no more efficacy is a retroactive adjudication (Gelpcke v. City of Dubuque, 1 Wall. 175). Motion denied, with costs. All concur.